# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES,  )<br>                  )<br>       Plaintiff,  )<br>                  )<br>       v.         )<br>                  )<br> JAMAL HAYNES,    )<br>                  )<br>       Defendant. )<br>_____) | Case No. 3:17-cr-0019 |
| UNITED STATES,  )<br>                  )<br>       Plaintiff,  )<br>                  )<br>       v.         )<br>                  )<br> JAMAL HAYNES,    )<br>                  )<br>       Defendant. )<br>_____) | Case No. 3:17-cr-0042 |

## ORDER

**BEFORE THE COURT** is the motion of Jamal Haynes ("Haynes") for compassionate release. (Case Number 3:17-cr-0019, ECF No. 420; Case Number 3:17-cr-0042, ECF No. 9.) For the reasons stated below, the Court will hold Haynes' motion in abeyance pending supplementation of the record.

### I. FACTUAL AND PROCEDURAL HISTORY

On October 30, 2017, in Case Number 3:17-cr-0019, Haynes pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a drug trafficking organization. On the same day, in Case Number 3:17-cr-0042, Haynes also pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a second, separate drug trafficking organization. Thereafter, on April 5, 2018, Haynes was sentenced to a term of imprisonment of 135 months in Case Number 3:17-cr-0019 and a term of imprisonment of 78 months in Case Number 3:17-cr-0042, such terms to be served concurrently.

On June 16, 2020, Haynes filed a motion for compassionate release. *See* Case Number 3:17-cr-0019, ECF No. 420; Case Number 3:17-cr-0042, ECF No. 9. In his motion, Haynes asserts that he suffers from obesity, diabetes, hypertension, and chronic kidney disease. *Id.* at 2. Haynes argues that, if he were to contract COVID-19, he is at an increased risk of severe illness due to his medical conditions. Haynes argues that this increased risk presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

On June 30, 2020, the United States filed an opposition to Haynes' motion for compassionate release. *See* Case Number 3:17-cr-0019, ECF No. 421; Case Number 3:17-cr-0042, ECF No. 11. In its opposition, the United States argues that the Court is barred from considering Haynes' motion for compassionate release due to his failure to exhaust his administrative remedies. *Id.* at 7-10. The United States also argues that, even if Haynes has exhausted his administrative remedies, he has not shown that extraordinary and compelling reasons warrant his release. *Id.* at 11-12.

## II. LEGAL STANDARD

Title 18, Section 3582 of the United States Code ("Section 3582") provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>     . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for compassionate release pursuant to Section 3582(a)(1)(A), either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section

3582(c)(1)(A)'s exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

The United States Sentencing Commission has issued a policy statement addressing the reduction of sentences pursuant to Section 3582(c)(1)(A). That statement provides that a court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. Application Note 1 to that policy statement sets forth a number of circumstances under which the Sentencing Commission has determined "extraordinary and compelling reasons" exist. Such circumstances include those in which a defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii). The defendant has the burden to show he is entitled to a sentence reduction pursuant to Section 3582(c)(1). *Cf. United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### III. DISCUSSION

Here, in his motion for compassionate release, Haynes certifies that he deposited the motion in the prison mailbox on June 8, 2020. *See* Case Number 3:17-cr-0019, ECF No. 420 at 7; Case Number 3:17-cr-0042, ECF No. 9 at 7. Haynes' motion was thereafter received and filed by the Clerk's Office on June 16, 2020. As an attachment to his motion for compassionate release, Haynes includes a letter to the Warden of the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). *See* Case Number 3:17-cr-0019, ECF No. 420-1 at 1-2; Case Number 3:17-cr-0042, ECF No. 9-1 at 1-2. In that letter, Haynes requests that the BOP move for compassionate release or a reduction in sentence on his behalf due to his medical

*United States v. Haynes*
Case Nos. 3:17-cr-0019 and 3:17-cr-0042
Order
Page 4 of 7

conditions and the COVID-19 pandemic. *Id.* The letter is dated May 10, 2020. *Id.* at 1. Haynes also includes a May 26, 2020, response from the Warden denying his request.[12] *Id.* at 16.

Generally, a document is considered to be filed on the date that the Clerk of Court receives it. *Carr v. Giron*, 752 F. App'x 434, 436 (9th Cir. 2018). Nevertheless, in *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Supreme Court established the prisoner mailbox rule as an exception to that general rule. "The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). "The prison-mailbox rule was created to addresses a prisoner's inability to control delay between the prisoner's delivery of complaint to prison officials for mailing to the court, and the prison's mailing it to the court." *Carr*, 752 F. App'x at 436. Given this purpose, the prisoner mailbox rule has been applied to assessing the timeliness of various filings by *pro se* prisoners. *See, e.g., Burns v. Morton*, 134 F.3d 109, 112-13 (3d Cir. 1998). As such, where a prisoner must file before a deadline prescribed by a statute of limitations or other rule, application of the prisoner mailbox rule serves to protect a prisoner's attempt to pursue his rights with diligence.

---

[1] The Warden's response to Haynes' request that the BOP move for a reduction in sentence on his behalf informs Haynes that "[t]o be considered for Home confinement you must have completed 50% of the term of imprisonment to which you were sentenced. Currently, you have completed 30% of your sentence." *See* Case Number 3:17-cr 0019, ECF No. 420-1 at 16; Case Number 3:17-cr 0042, ECF No. 9-1 at 16. The Warden's response makes no reference to Haynes' individual health conditions. *Id.* The Court notes this response because it is unclear whether the Warden at FCI Jesup is conflating the strict limitation on the BOP's exercise of its own home confinement authority pursuant to 18 U.S.C. § 3624(c)(2) and the CARES Act with its ability to move the Court for a reduction in sentence on behalf of a defendant pursuant to 18 U.S.C. § 3582. Significantly, the policy statement issued by the Sentencing Commission with respect to Section 3582 indicates that the Commission "encourages the Director of the Bureau of Prisons to file [a motion for reduction in sentence] if the defendant meets any of the circumstances set forth in Application Note 1." *See* U.S.S.G. § 1B1.13 cmt. n. 4. Application Note 1 specifies certain circumstances with respect to the defendant's medical condition, age, family circumstances, and/or other reasons which the Sentencing Commission has determined to constitute extraordinary and compelling reasons warranting a reduction in sentence. *See* U.S.S.G. § 1B1.13 cmt. n. 1. Significantly, there is no suggestion that the percentage of time served by a defendant should operate as an absolute bar to relief with respect to circumstances involving a defendant's medical condition.

[2] Curiously, despite Haynes' inclusion of his letter to the Warden requesting that the BOP move for compassionate relieve on his behalf and the Warden's response to his request, the United States asserts that "[i]n his *Pro Se* motion, Haynes acknowledges that he failed to file a compassionate release request with the Warden of FCI-Jesup." *See* Case Number 3:17-cr 0019, ECF No. 421 at 2; Case Number 3:17-cr 0042, ECF No. 11 at 2.

In this instance, rather than facing a filing deadline prescribed by a statute of limitations or other rule, Haynes must wait a prescribed exhaustion period of 30 days. As the Ninth Circuit has recognized, "when [a] prisoner gives a complaint to prison officials just before an exhaustion period ends, and the complaint is received by the district court after the exhaustion period expires, an application of the prison-mailbox rule would punish, rather than protect, the prisoner's attempt to pursue his rights with diligence." *Carr*, 752 F. App'x at 436. Given such a result, the Ninth Circuit has concluded that the prisoner mailbox rule does not apply where "a prisoner delivers a complaint to prison officials before the exhaustion period ends, but the court receives it for filing just after it ends." *Id.* The Court agrees with the Ninth Circuit's conclusion. Thus, because more than 30 days passed between May 10, 2020, when Haynes' sent his request to the Warden, and June 16, 2020, when the Clerk of Court received Haynes' motion for compassionate release, Haynes has exhausted his administrative remedies.

With respect to the merits of Haynes' motion for compassionate release, the United States acknowledges that

> [i]f an inmate has a chronic medical condition that has been identified by the [Centers for Disease Control and Prevention ("CDC")] as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19.

*See* Case Number 3:17-cr-0019, ECF No. 421 at 11-12; Case Number 3:17-cr-0042, ECF No. 11 at 11-12.

Here, Haynes included medical records from the BOP demonstrating that he suffers from obesity, type 2 diabetes, hypertension, and chronic kidney disease. *See* Case Number 3:17-cr-0019, ECF No. 420-1 at 10-11, 13; Case Number 3:17-cr-0042, ECF No. 9-1 at 10-11, 13. Significantly, obesity, type 2 diabetes, and chronic kidney disease are each identified by the CDC as conditions that increase the risk of severe illness from COVID-19. *See* Centers for Disease Control, At Risk for Severe Illness, available at https://www.cdc.gov/coronavirus

/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last modified June 25, 2020). Further, hypertension is identified by the CDC as a condition which might increase the risk of severe illness from COVID-19.[3] *Id.*

Considering COVID-19, at the time Haynes filed his motion and when the United States filed its opposition, there had been no confirmed cases at FCI Jesup. As of the date of this order, however, BOP statistics reveal that there are currently twenty confirmed active positive cases among inmates and four confirmed active positive cases among staff at FCI Jesup. *See COVID-19 Cases: Full breakdown and additional details*, https://www.bop.gov/coronavirus/ (last visited July 10, 2020).

Given that Haynes has demonstrated that he suffers from multiple COVID-19 risk factors, and the fact that COVID-19 is present in the correctional facility in which Haynes is incarcerated, such circumstances might constitute "extraordinary and compelling reasons" warranting a reduction in his sentence. Nevertheless, on the record before it, the Court is not confident in its ability to determine either (1) the severity of the medical conditions from which Haynes is suffering or (2) the severity of the risk faced by Haynes if he contracts COVID-19 due to its interaction with his individual medical conditions. Further, neither Haynes nor the United States have addressed the requirement of the policy statement that Haynes is "not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

The Court is not without recourse regarding the medical questions presented by the record in this matter. "Rule 706 [of the Federal Rules of Evidence] affords the . . . judge broad discretion to appoint an independent expert answerable to the court, whether *sua sponte* or

---

[3] The United States asserts that Haynes' medical conditions are both "unsupported by evidence of their existence," and "not the type of conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19." (Case Number 3:17-cr 0019, ECF No. 421 at 12; Case Number 3:17-cr 0042, ECF No. 11 at 12.) The United States makes this assertion despite Haynes' inclusion of his medical records from the BOP and the United States's own citation to the CDC website *supra* that identifies each of Haynes' medical conditions as COVID-19 risk factors. Significantly, "[t]he United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88 (1935). As such, the Court expects the United States to refrain from making arguments that are clearly contradicted by the record. Such arguments do not assist the Court in reaching a reasoned decision.

on the motion of a party." *Ford v. Mercer Cty. Corr. Ctr.*, 171 F. App'x 416, 420 (3d Cir. 2006). As such, the Court will order the United States to provide a list of at least three potential expert witnesses who could testify as to Haynes' medical conditions and their interaction with COVID-19. Additionally, the Court will provide the parties with an opportunity to further supplement the record and arguments presented. Finally, the Court notes that, should Haynes demonstrate his indigence, the Court retains the discretion to appoint counsel to represent him in this proceeding. *See, e.g., Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993) (outlining a non-exhaustive list of factors a court should consider when exercising its discretion to appoint counsel); *see also Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019) ("Under [*Tabron*], counsel should be appointed where an indigent plaintiff with a potentially meritorious claim is not fully able to prosecute his or her own case in light of the overall complexity of the case.").

The premises considered, it is hereby

**ORDERED** that, by no later than July 17, 2020, the United States shall file a brief listing at least three potential expert witnesses, along with their qualifications, who could testify as to Haynes' medical conditions and their interaction with COVID-19; and it is further

**ORDERED** that, to the extent they wish to do so, the parties may each submit a brief supplementing the record and arguments presented by no later than July 31, 2020.

**Dated:** July 10, 2020
s/     *Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**