# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cr-0019 |
| | ) | |
| JAMAL HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cr-0042 |
| | ) | |
| JAMAL HAYNES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**BEFORE THE COURT** is the motion of Jamal Haynes ("Haynes") for appointment of counsel. (Case Number 3:17-cr-0019, ECF No. 433.) For the reasons stated below, the Court will appoint counsel upon the filing by Haynes of financial information that demonstrates his indigence.

On October 30, 2017, in Case Number 3:17-cr-0019, Haynes pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a drug trafficking organization. On the same day, in Case Number 3:17-cr-0042, Haynes also pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a second, separate drug trafficking organization. Thereafter, on April 5, 2018, Haynes was sentenced to a term of imprisonment of 135 months in Case Number 3:17-cr-0019 and a term of imprisonment of 78 months in Case Number 3:17-cr-0042, such terms to be served concurrently.

On June 16, 2020, Haynes filed a motion for compassionate release. *See* Case Number 3:17-cr-0019, ECF No. 420; Case Number 3:17-cr-0042, ECF No. 9. In his motion, Haynes

asserts that he suffers from obesity, diabetes, hypertension, and chronic kidney disease. *Id.* at 2. Haynes argues that, if he were to contract COVID-19, he is at an increased risk of severe illness due to his medical conditions. Haynes argues that this increased risk presents an extraordinary and compelling reason to warrant relief under 18 U.S.C. § 3582(c)(1)(A).

On July 10, 2020, the Court entered an order holding Haynes' motion for compassionate release in abeyance pending supplementation of the record. *See* Case Number 3:17-cr-0019, ECF No. 422; Case Number 3:17-cr-0042, ECF No. 12. The Court also notified Haynes that, should he demonstrate his indigence, the Court may appoint counsel to represent him in this matter.

On July 24, 2020, Haynes filed a motion requesting that the Court appoint his former counsel, Attorney Pamela Colon, to represent him in this matter. *See* Case Number 3:17-cr-0019, ECF No. 433. In that motion, Attorney Colon reports that Haynes "has advised that he does not have any funds to pay attorneys' fees and expenses, including, if needed, for any expert witnesses." *Id.* at 2.

The Court must consider several factors in determining whether or not to appoint counsel. *See Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993) (outlining a non-exhaustive list of factors a court should consider when exercising its discretion to appoint counsel); *cf. United States v. Gibbs*, 787 F. App'x 71, 72 (3d Cir. 2019) (applying *Tabron* to a motion for appointment of counsel in the context of a request for relief under the First Step Act). As the Court recognized in its July 10, 2020 Order, Haynes' motion for compassionate release has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155 (explaining that "the district court must consider as a threshold matter the merits of the plaintiff's claim"). Additionally, Haynes is restricted in his ability to present his claim for compassionate release due to his imprisonment. *See Id. at* 156 (explaining that, "if the plaintiff is a prisoner, the restraints placed upon him or her by confinement" is a factor to consider when determining the defendant's ability to present his case). Further, as the Court also recognized in its July 10, 2020 Order, Haynes' motion for compassionate release may require detailed investigation of the facts of his medical conditions and their interaction with COVID-19. *See Id.* (explaining that "[o]ther key factors are the degree to which factual investigation will be required and

the ability of the indigent plaintiff to pursue such investigation"). Moreover, the Criminal Justice Act provides that, "[i]f at any stage of the [criminal] proceedings, . . . the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate." 18 U.S.C.A. § 3006A(c). Significantly, any stage of the proceedings "include[es] ancillary matters appropriate to the proceedings." *Id.*

Given these circumstances, the Court is inclined to grant Haynes' request to appoint counsel. However, Haynes has not demonstrated his indigence. As such, the Court will appoint Attorney Colon to represent Haynes upon the submission of financial information demonstrating Haynes' indigence. Haynes may do this by filing a CJA 23 form Financial Affidavit and a certified copy (i.e., signed by the appropriate institutional officer) of his inmate trust account for the six-month period immediately preceding the filing of his § 3582 motion.

The premises considered, it is hereby

**ORDERED** that, if Haynes seeks to proceed as an indigent, he shall file a CJA 23 form Financial Affidavit and a certified copy (i.e., signed by the appropriate institutional officer) of his inmate trust account for the six-month period immediately preceding the filing of his § 3582 motion**.**

**Dated:** July 24, 2020                             /s/ *Robert A. Molloy*
                                                             **ROBERT A. MOLLOY**
                                                             **District Judge**