## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | | |
|---|---|---|---|
| **UNITED STATES,** | | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| | | ) | |
| | **v.** | ) | **Case No. 3:17-cr-0019** |
| | | ) | |
| **JAMAL HAYNES,** | | ) | |
| | | ) | |
| | **Defendant.** | ) | |
| | | ) | |
| **UNITED STATES,** | | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| | | ) | |
| | **v.** | ) | **Case No. 3:17-cr-0042** |
| | | ) | |
| **JAMAL HAYNES,** | | ) | |
| | | ) | |
| | **Defendant.** | ) | |
| | | ) | |

ATTORNEYS:

**Gretchen C.F. Shappert, United States Attorney**
**Delia L. Smith, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Pamela L. Colon, Esq.**
Law Offices of Pamela L. Colon
St. Croix, U.S.V.I.
    *For Jamal Haynes.*

### MEMORANDUM OPINION[1]

**MOLLOY, J.**

      **BEFORE THE COURT** is the motion of Jamal Haynes ("Haynes") for compassionate release. (Case Number 3:17-cr-0019, ECF No. 420; Case Number 3:17-cr-0042, ECF No. 9.) For the reasons stated below, the Court will deny Haynes' motion.

### I. FACTUAL AND PROCEDURAL HISTORY

      Haynes is a 42-year old African American male who suffers from several medical conditions. On October 30, 2017, in Case Number 3:17-cr-0019, Haynes pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a drug trafficking organization. On the same day, in Case Number 3:17-cr-0042, Haynes also pled guilty to conspiracy to possess with intent to distribute cocaine for his involvement in a second, separate drug trafficking organization. Thereafter, on April 5, 2018, Haynes was sentenced to a term of imprisonment of 135 months in Case Number 3:17-cr-0019 and a term of imprisonment of 78 months in Case Number 3:17-cr-0042, such terms to be served concurrently.

      On June 16, 2020, Haynes filed a motion for compassionate release. *See* ECF No. 420. In his motion, Haynes asserts that he suffers from obesity, diabetes, hypertension, and chronic kidney disease. *Id.* at 2. Haynes argues that, if he were to contract COVID-19, he is at an increased risk of severe illness due to his medical conditions. Haynes argues that this

---

[1] Unless otherwise stated, the CM/ECF docket numbers cited in this order correspond to the docket numbers in Case Number 3:17-cr-0019.

increased risk presents an extraordinary and compelling reason to warrant relief under

18 U.S.C. § 3582(c)(1)(A).

On June 30, 2020, the United States filed an opposition to Haynes' motion for

compassionate release. *See* ECF No. 421. In its opposition, the United States argues that the

Court is barred from considering Haynes' motion for compassionate release due to his failure

to exhaust his administrative remedies. *Id.* at 7-10. The United States also argues that, even

if Haynes has exhausted his administrative remedies, he has not shown that extraordinary

and compelling reasons warrant his release. *Id.* at 11-12.

On July 10, 2020, the Court entered an order holding Haynes' motion for

compassionate release in abeyance pending supplementation of the record. *See* ECF No. 422.

In so doing, the Court found that Haynes had exhausted the requirements of 18 U.S.C.

§ 3582(c)(1): that is, Haynes had filed his motion for compassionate release after the lapse

of 30 days from the receipt by the warden of the Federal Correctional Institution in Jesup,

Georgia ("FCI Jesup"), the facility where Haynes is presently incarcerated, of his request that

the Bureau of Prisons ("BOP") move for compassionate release on his behalf. *See id.* at 5.[2]

Thereafter, upon Haynes' motion, the Court appointed counsel to represent Haynes

in this matter. On August 14, 2020, Haynes filed additional briefing and evidence in support

of his motion for compassionate release. *See* ECF Nos. 442, 443.

---

[2] On July 15, 2020, the United States filed a motion for reconsideration arguing that Haynes was required to appeal the warden's denial of his request that the BOP move for a reduction in sentence/compassionate release pursuant to Section 3582(c)(1)(A) on his behalf. On July 16, 2020, the Court denied the United States' motion.

On September 16, 2020, the Court held an evidentiary hearing in this matter at which

Haynes and the United States presented evidence and argument in support of their

respective positions.

## II. LEGAL STANDARD

Title 18, Section 3582 of the United States Code ("Section 3582") provides in

pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>      . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, before a defendant may file a motion for

compassionate release pursuant to Section 3582(a)(1)(A), either (1) the BOP must have had

30 days to consider the defendant's request that the BOP move for compassionate release on

his behalf, or (2) the defendant must administratively exhaust an adverse decision by the

BOP in response to that defendant's request within that time period. *See United States v. Raia*,

954 F.3d 594, 597 (3d Cir. 2020). Failure to comply with Section 3582(c)(1)(A)'s exhaustion

requirement "presents a glaring roadblock foreclosing compassionate release." *See id.*

Once a defendant has met Section 3582(c)(1)(A)'s exhaustion requirement, "a district

court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of

probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons

warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "But before granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *Id.* "Those factors include, among other things, 'the history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct.'" *Id.* at 330 (citations omitted).

In addition, the United States Sentencing Commission has issued a policy statement addressing the reduction of sentences pursuant to Section 3582(c)(1)(A). That statement provides that a court may reduce a term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that (1) "extraordinary and compelling reasons warrant the reduction"; (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. Application Note 1 to that policy statement sets forth several circumstances under which the Sentencing Commission has determined "extraordinary and compelling reasons" exist. Such circumstances include certain medical, age-related, or family circumstances and a catchall provision—"Other reasons — As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n. 1(D).

The defendant has the burden to show he is entitled to a sentence reduction pursuant to Section 3582(c)(1). *Cf. United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (noting that the defendant has the burden of establishing that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### III. ANALYSIS

#### A. *Exhaustion of Administrative Remedies*

In the Court's July 10, 2020 Order, the Court found that Haynes has satisfied Section 3582(c)(1)(A)'s exhaustion requirement.[3] As such, the Court will consider the merits of Haynes' petition.

#### B. *Extraordinary and Compelling Reasons*

Haynes argues that his circumstances present extraordinary and compelling reasons warranting a reduction in sentence because he suffers from several health conditions that the Center for Disease Control ("CDC") has identified as increasing the risk of serious illness and death from COVID-19 should he contract that disease.

---

[3] Despite the Court's July 10, 2020 ruling and July 16, 2020 denial of the United States' motion for reconsideration, the United States continues to dispute the Court's conclusion that Haynes' has satisfied Section 3582(c)(1)(A)'s exhaustion requirement. The United States argues that because the warden at Jesup denied Haynes' request, Haynes was required to appeal the warden's denial pursuant to the BOP's administrative remedy process. As the Third Circuit has made abundantly clear, Section 3582 does not require a defendant to completely exhaust the administrative remedy process. *See United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020); *United States v. Harris*, No. 20-1723, 2020 U.S. App. LEXIS 27651, at *2 (3d Cir. July 20, 2020). Rather, "the statute states that the defendant may file the motion thirty days after the warden receives his request." *Harris*, 2020 U.S. App. LEXIS 27651 at *2 (citing *Raia*, 954 F.3d at 595). Indeed, the Third Circuit has expressly rejected the argument that "because the Warden denied [a defendant]'s request within thirty days, [the defendant] was required to completely exhaust the administrative remedy process." *Id.*

COVID-19 is a highly transmissible and deadly disease which has claimed over 200,000 lives in the United States. As of the date of this order, BOP statistics reveal that there are currently 0 confirmed active positive cases among inmates and 19 confirmed active positive cases among staff at FCI Jesup, the facility where Haynes is presently incarcerated. *See COVID-19 Cases: Full breakdown and additional details*, https://www.bop.gov /coronavirus/ (last visited October 2, 2020). Further, 251 inmates and 3 staff have recovered while 1 inmate has died. *Id.* FCI Jesup has a total population of 1346 inmates. *See FCI Jesup,* https://www.bop.gov/locations/institutions/jes/ (last visited October 2, 2020).

Significantly, the CDC has identified numerous underlying conditions that place individuals at an increased risk of severe illness or death if they contract COVID-19. Among other conditions, obesity, type 2 diabetes, and chronic kidney disease are each identified by the CDC as conditions that increase the risk of severe illness or death from COVID-19. *See* Centers for Disease Control, People With Certain Medical Conditions, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last modified September 11, 2020). Further, hypertension is identified by the CDC as a condition which might increase the risk of severe illness or death from COVID-19. *Id.* Here, Haynes has presented medical records from the BOP demonstrating that he suffers from obesity, type 2 diabetes, hypertension, and chronic kidney disease. *See* ECF No. 442-3 at 1; ECF No. 442-4 at 1; ECF No. 442-5 at 1; ECF No. 442-6 at 1-2.

Where a defendant suffers from health conditions that the Center for Disease Control ("CDC") has identified as increasing the risk of serious illness and death from COVID-19 should he contract that disease, numerous courts have found that the defendant's health

conditions and the risks they present in light of the current COVID-19 outbreak constitute "extraordinary and compelling reasons" that may allow a court to grant compassionate release. *See, e.g., United States v. Sperry*, No. CR 18-121, 2020 U.S. Dist. LEXIS 165012, at *4 (W.D. Pa. Sep. 10, 2020); *United States v. Davidson*, No. 2:16-cr-00139-2, 2020 U.S. Dist. LEXIS 150887, at *57 (W.D. Pa. Aug. 20, 2020); *United States v. Collier*, No. 2:14-cr-00051, 2020 U.S. Dist. LEXIS 130426, at *11 (W.D. Pa. July 22, 2020); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 U.S. Dist. LEXIS 58718, at *20 (E.D. Pa. Apr. 1, 2020). This Court agrees that such circumstances are unprecedented and constitute extraordinary and compelling reasons to warrant a reduction.[4]

### C.   *Section 3553(a) Factors*

Nevertheless, before granting compassionate release, the Court must determine whether the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant a reduction. First, the need to reflect the seriousness of Haynes' offense does not support a reduction in his sentence. In Case Number 3:17-cr-0019, Haynes pled guilty to conspiracy to possess with intent to distribute at least 50 but less than 150 kilograms of cocaine. In Case Number 3:17-cr-0042, Haynes pled guilty to conspiracy to possess with intent to distribute at least 3.5 but less than 5 kilograms of cocaine. These are serious offenses. Indeed, Congress has mandated

---

[4] The existence of these extraordinary and compelling reasons is not diminished by the fact that Haynes apparently tested positive for COVID-19 and was asymptomatic. Indeed, according to the CDC, "[t]here is no firm evidence that the antibodies that develop in response to SARS-CoV-2 infection are protective. If these antibodies are protective, it's not known what antibody levels are needed to protect against reinfection." Clinical Questions About COVID-19: Questions and Answers, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last visited October 2, 2020) (located under the "Are clinically recovered persons infectious to others if they test persistently or recurrently positive for SARS-CoV-2 RNA?" dropdown tab). Fortunately, Haynes has apparently recovered from his COVID-19 infection without any complications and was able to attend the September 16, 2020 evidentiary hearing by video teleconference from FCI Jesup.

a minimum sentence of ten years for drug trafficking offenses involving 5 or more kilograms of cocaine. *See* 21 U.S.C. 841(b)(1)(A). Here, in Case Number 3:17-cr-0019, Haynes was responsible for 136 kilograms of cocaine—more than 27 times the amount that triggers the mandatory minimum sentence of ten years. As a highly addictive and destructive drug, this amount of cocaine has an immensely pernicious impact on society. As such, the Court concludes that the seriousness of Haynes' offense weighs heavily against a reduction in sentence.

Second, the length of time that Haynes has served in relation to his sentence does not weigh in favor of his release. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (concluding that the amount of time remaining to be served in an inmate's sentence is an appropriate consideration under 18 U.S.C. § 3553(a)). Haynes has served approximately 38 months out of the 135-month term of imprisonment imposed by the Court—less than 30% of his term of imprisonment. Reducing Haynes' sentence by more than 70% to a 38-month sentence would likely undermine the public's respect for the law and provide inadequate deterrence for drug trafficking offenses. *See, e.g. United States v. Bogdanoff*, No. 12-CR-0190-1, 2020 U.S. Dist. LEXIS 81278, at *13 (E.D. Pa. May 8, 2020) ("[R]educing a sentence by almost two-thirds could . . . have an impact of the public's respect for the law and deterrence."); *United States v. Shayota*, No. 1:15-cr-00264-LHK-1, 2020 U.S. Dist. LEXIS 91619, at *6 (N.D. Cal. May 26, 2020) ("'The length of the sentence remaining is an additional factor to consider in any compassionate release analysis,' with a longer remaining sentence weighing against granting any such motion."). As such, the Court concludes that the need to

promote respect for the law and afford adequate deterrence to criminal conduct weigh heavily against a reduction in sentence.

Third, a reduction in Haynes' sentence would cause unwarranted disparities between Haynes' and his codefendants. In Case Number 3:17-cr-19, the Court sentenced Haynes to 135 months imprisonment. The Court sentenced four of Haynes' co-defendants who were involved in the drug-trafficking organization to 168 months (Craig Richardson), 191 months (Gerald Mercer), 135 months (Makimba Barry), and 160 months (Germaine Hall), respectively.[5] As such, the Court concludes that the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct weighs against a reduction in sentence.

Fourth, the Court is not convinced that Haynes would not be a danger to the community if released. Haynes argues that he is not a danger to the community because the BOP has evaluated Haynes to be at the BOP's minimum level of risk for recidivism or violence. Additionally, Haynes notes that he has participated in at least ten educational courses, has good work ratings, and has never had any incidents while incarcerated. While the Court is encouraged by this record, "[t]he relevant statutory criteria . . . require the [Court] to consider a defendant's history when assessing future dangerousness-including his criminal record." *United States v. Ward*, No. 20-5743, 2020 U.S. App. LEXIS 30955, at *5 (6th Cir. Sep. 29, 2020). In this regard, while Haynes had no criminal history prior to his convictions in these matters, Haynes was involved in two separate large-scale drug trafficking conspiracies

---

[5] The Court takes judicial notice that two of Haynes' co-defendants, Craig Richardson and Germaine Hall, have filed section 3582 motions for compassionate release. These motions remain pending.

during overlapping time periods. Each of these drug trafficking conspiracies were responsible for smuggling a substantial amount of cocaine from St. Thomas into the continental United States. Given these circumstances, the Court finds that Haynes' rehabilitative efforts are not sufficient to demonstrate that he would no longer pose a danger to the community if released. As such, the Court concludes that this factor weighs neither for nor against Haynes.

The Court is sympathetic to Haynes' concerns regarding his risk of serious illness or death if he contracts COVID-19. Indeed, imprisoned persons are at greater risk of contracting the virus because they live in close quarters, inhabit communal spaces for eating, and are often in close contact with other people. *See, e.g., United States v. Perez*, No. 15-cr-02874-BAS-1, 2020 U.S. Dist. LEXIS 118613, at *8 (S.D. Cal. July 6, 2020) ("Those in custody, by virtue of their close proximity, are at greater risk of contagion."). "Yet that cannot mean that all individuals in custody, regardless of their exposure, risk, or criminal background, should be released under the 'extraordinary and compelling' reasons section of the compassionate release provisions." *Id.* Notwithstanding that Haynes is in several high-risk categories and contracted COVID-19 while in the custody of the BOP, none of the section 3553(a) factors weigh in favor of reducing his sentence. As such, the Court is not persuaded the substantial reduction in Haynes' term of imprisonment that would be required to grant him compassionate release is warranted.

## IV. CONCLUSION

While Haynes has certainly demonstrated an extraordinary and compelling reason for this Court to consider his request for compassionate release, the Court concludes that,

upon weighing the applicable factors listed in section 3553(a), release is not warranted. For

the reasons stated above, the Court will deny Haynes' motion for compassionate release.  An

appropriate Order follows.


**Dated:** October 2, 2020                                   */s/ Robert A. Molloy*
                                                             **ROBERT A. MOLLOY**
                                                             **District Judge**