## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cr-0019 |
| ) | Case No. 3:17-cr-0042 |
| JAMAL HAYNES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER

**BEFORE THE COURT** is Defendant Jamal Haynes' ("Haynes") Title 18 U.S.C. § 3582(c)(2) Motion for Modification of Term of Imprisonment Pursuant to Amendment 821 to the U. S. Sentencing Guidelines. (ECF No. 578 in Case No. 3:17-cr-0019; ECF No. 55 in Case No. 3:17-cr-0042.) The Office of the Federal Public Defender was appointed to represent Haynes and directed to file a supplement to Haynes' motion. The Office of the Federal Public Defender filed a supplement on May 1, 2024.[1] The Government filed its response on May 17, 2024, asserting it does not oppose the motion.[2] For the following reasons, the Court will grant the motion.

I.

On June 28, 2017, Haynes was charged in a Second Superseding Indictment in Case No. 3:17-cr-0019 with multiple counts of drug laws violations, including conspiracy to possess with intent to distribute cocaine, under 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute cocaine, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). (Case No. 3:17-cr-0019 ECF No. 112.) On October 30, 2017, Haynes was charged in Case No. 3:17-cr-0042 in a one-count Information with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Case No. 3:17-cr-0042 ECF No. 1.) Haynes pled guilty on October 30, 2017, to Count One of the Second Superseding Indictment in Case No. 3:17-cr-0019 and Count One of the Information in Case

---

[1] *See* Case No. 3:17-cr-0019, ECF No. 603 and Case No. 3:17-cr-0042, ECF No. 62.
[2] *See* Case No. 3:17-cr-0019, ECF No. 604. The Government did not file a response in Case No. 3:17-cr-0042.

*United States v. Haynes*
Case Nos. 3:17-cr-0019 and 3:17-cr-0042
Order
Page **2** of **5**

No. 3:17-cr-0042, pursuant to a consolidated plea agreement, filed at ECF No. 202 in Case No. 3:17-cr-0019 and ECF No. 3 in Case No. 3:17-cr-0042. At the sentencing hearing held on April 5, 2018, the sentencing judge calculated a total adjusted offense level of 31. Based on Haynes' having zero criminal history points placing him in a criminal history category of I, the sentencing judge calculated an advisory guideline imprisonment range in Case No. 3:17-cr-0019 of 120 to 135 months and calculated an advisory guidelines imprisonment range in Case No. 3:17-cr-0042 of 78 to 97 months. Haynes was subject to a statutory mandatory minimum sentence of ten years on Count One in Case No. 3:17-cr-0019 pursuant to 21 U.S.C. § (b)(1)(A)(ii)(II).[3] The sentencing judge sentenced Haynes to 135 months imprisonment in Case No. 3:17-cr-0019 and 78 months imprisonment in Case No. 17-cr-0042, to run concurrently.[4] *See* Judgment at ECF No. 358 in Case No. 3:17-cr-0019 and ECF No. 8 in Case No. 3:17-cr-0042.

II.

Title 18, Section 3582 of the U.S. Code, permits a district court to reduce a defendant's term of imprisonment based on a sentencing range "that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C § 3582(c)(2). Haynes seeks a retroactive two-level decrease to his guideline calculation based on Part B, Subpart 1 to Amendment 821, titled "Adjustment for Certain Zero-Point Offenders" and promulgated in U.S.S.G. § 4C1.1, which allows a defendant to receive a two-level decrease if the defendant meets the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;

---

[3] Section (b)(1)(A)(ii)(II) provides that anyone convicted under this section "shall be sentenced to a term of imprisonment of not less than 10 years or more than life . . .."

[4] Because Haynes has already served the 78-month sentence imposed in Case No. 3:17-cr-0042, the Court's analysis is limited to Haynes' sentence in Case No. 3:17-cr-0019. *See* U.S.S.G. § 1B1.10(b)(2)(C) (prohibiting the Court from reducing a defendant's term of imprisonment to less than a term of imprisonment the defendant has already served).

> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

U.S.S.G. 4C1.1(a). If the defendant is eligible for sentence modification, the court must determine the amended guideline range that would have been applicable to the defendant had Amendment 821 been effective at the time of initial sentencing.

> The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range while "leav[ing] all other guideline application decisions unaffected." § 1B1.10(b)(1). Under § 3582(c)(2), a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted "after considering the factors set forth in section 3553(a) to the extent that they are applicable." Except in limited circumstances, however, § 1B1.10(b)(2)(A) forecloses a court acting under § 3582(c)(2) from reducing a sentence "to a term that is less than the minimum of the amended guideline range."

*Dillon v. United States*, 560 U.S. 817, 821–22 (2010).

Notwithstanding that a defendant meets the criteria under the new amendments, the Court may not reduce a defendant's sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The Court is also prohibited from reducing a defendant's sentence to less than "the term of imprisonment the defendant already served." *Id.* at § 1B1.1(b)(2)(C). Moreover, "[a] defendant does not have a right to an evidentiary hearing in section 3582(c) proceedings as such proceedings 'do not constitute a full resentencing of the defendant.'" *United States v. Johnson*, Criminal No. 16-181, 2024 U.S. Dist. LEXIS 89102, *5-6 (W.D. Pa. May 17, 2024) (citing U.S.S.G. § 1B1.10(a)(3)).

III.

Haynes had zero criminal history points at the time of his sentencing and the Court finds that he meets the criteria under U.S.S.G. 4C1.1(a) for the two-level reduction. Applying

the newly amended guideline section 4C1.1(a) results in the lowering of Haynes' offenses from the initial total adjusted offense level of 31 to a new total adjusted offense level of 29, which combined with criminal history category I calculates to a sentencing guideline range of 87 to 108 months imprisonment. However, because Haynes was convicted pursuant to 21 U.S.C. § (b)(1)(A)(ii)(II), which carries a mandatory minimum term of imprisonment of 120 months, the amended guideline range is 120 months. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

In considering the section 3553(a) factors, public safety considerations and post-sentencing conduct, the Court finds that a reduction of Haynes's sentence to 120 months is warranted under the circumstances. Haynes was incarcerated at the Federal Prison Camp in Jesup, Georgia, a low-level facility. He has been released on an ankle monitor and must report to a halfway house while still under the supervision of the Federal Bureau of Prisons ("BOP"). Haynes is scheduled to be released from the BOP's custody on February 9, 2026. (Case No. 3:17-cr-0019, ECF No.603-1.)

As to the nature and circumstances of the offense and Haynes's history and characteristics, he pled guilty to very serious offenses and accepted full responsibility for his actions at the time of the guilty plea and sentencing. Haynes has successfully completed educational programs provided by the BOP, including a non-residential drug abuse program (Case No. 3:17-cr-0019, ECF No. 6-2.) Haynes is employed as a front desk agent and night auditor for Hampton Inn by Hilton Tallahassee Central in Florida. (Case No. 3:17-cr-0042, ECF No. 62-3) Haynes's supervisor states that Haynes has "outstanding working skills" and "has never been late and never missed a day" since he started his employment. (*Id.*) Haynes has paid his special assessment.

Concerning the need to reflect the seriousness of the offense, afford adequate deterrence, and protect the public, the reduction of sentence to 120 months is unlikely to increase the risk of recidivism and the risk to public safety. Haynes is classified as minimum-security level and a minimum risk-recidivism level. (Case No. 3:17-cr-0042, ECF No. 62-2).

Haynes had no infraction reports or negative marks while incarcerated, which shows his respect for the law and the ability to integrate into society as a law-abiding citizen. *See Pepper v. United States*, 562 U.S. 476, 491 (2011) (explaining that "evidence of post sentencing rehabilitation may be highly relevant to several of the § 3553(a) factors"). Thus, the Court will reduce Hall's sentence from 135 months to 120 months. An appropriate amended judgment will be filed in Case No. 3:17-cr-0019.

IV.

Upon careful consideration of the section 3553(a) factors and for the reasons stated above the Court will grant Defendant's motion in Case No. 3:17-cr-0019 and deny the motion in Case No. 3:17-cr-0042. Accordingly, it is hereby

**ORDERED** that Defendant Jamal Haynes' motion for reduction in sentence, ECF No. 578 in Case No. 3:17-cr-0019, is **GRANTED** and the defendant's previously imposed sentence of imprisonment of 135 months is hereby **REDUCED** to 120 months. Except as otherwise provided, all provisions of the judgment dated July 9, 2018, shall remain in effect; it is further

**ORDERED** that Defendant Jamal Haynes' motion for reduction in sentence in Case No. 3:17-cr-0042, ECF No. 55, is **DENIED**; it is further

**ORDERED** that the Clerk's Office shall provide a copy of this Order to Jamal Haynes via certified mail with return receipt.

**Dated:** July 18, 2024                                   */s/ Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **Chief Judge**